STEVEN P. BRAZELTON
Nevada State Bar No. 5882
Law Office of Steven P. Brazelton
601 South Arlington Avenue
Reno, NV 89509
Telephone: (775)826-2380
Facsimile: (775)826-2386
Email: sbrazelton@brazeltonlaw.com

Attorney for Plaintiff HONSE IRON HORSE, LLC

UNITED STATES DISTRICT COURT

DISTRICT COURT OF NEVADA

RENO DIVISION

| | |
|---|---|
| Honse Iron Horse, LLC, ) | Case No. 3:23-cv-00163 |
| ) | |
| Plaintiff, ) | **PLAINTIFFS' ORIGINAL COMPLAINT** |
| ) | |
| vs. ) | |
| ) | |
| SCGIF II – Iron Horse, LLC, and ) | |
| William A. Shopoff, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW Honse Iron Horse, LLC ("**Plaintiff**" or "**Honse**") and files Plaintiff's Original Complaint ("**Complaint**") against SCGIF I – Iron Horse, LLC ("**SCGIF**") and William A. Shopoff ("**Shopoff**") (SCGIF and Shopoff may collectively be referred to herein as "**Defendants**" or individually as a "**Defendant**"). In support of its Complaint, Plaintiff states as follows:

## I. PARTIES

1. Plaintiff is a Delaware limited liability company.

2. Defendant SCGIF II – Iron Horse, LLC is a Delaware limited liability company that can be served with summons by serving its registered agent, William Shopoff, at the following address: 18565 Jamboree Road, Suite 200, Irvine, California, 92612.

PLAINTIFF'S ORIGINAL COMPLAINT                                                                                         1

3. William A. Shopoff is an individual residing in the State of California and can be served with summons at the following address: 18565 Jamboree Road, Suite 200, Irvine, California, 92612, or wherever he may be found.

## II. JURISDICTION AND VENUE

4. Jurisdiction lies in this Court pursuant to 28 U.S.C. § 1332 in that the amount in controversy exceeds $75,000, and diversity of citizenship exists.

5. Venue lies in this district pursuant to 28 U.S.C. § 1391 in that it is a district in which a substantial part of the events or omissions giving rise to the claim occurred. Additionally, the contract that is the subject of this suit provides for venue in a court of competent jurisdiction located in Washoe County, Nevada.

## III. FACTUAL BACKGROUND

6. In or around the beginning of 2016, Butch Honse and Yvonne Honse (the "**Honses**") sought to make an investment in real estate. To that end, they had extensive discussions with Defendant William Shopoff ("**Shopoff**") regarding a real estate investment in Nevada.

7. On or about May 3, 2016, Plaintiff and Defendant SCGIF, an entity owned 100% by Shopoff, entered into a *Purchase and Sale Agreement and Joint Escrow Instructions* (the "**PSA**"), which created a tenancy in common between Plaintiff and SCGIF for the purpose of investing in property in Nevada. A copy of the PSA is attached hereto as **Exhibit A**.[1]

8. Pursuant to the PSA, Plaintiff purchased a 29.52% interest in SCGIF, with the purpose of the development of certain real property in Sparks, Nevada (the "**Property**"). The Property consists of approximately a 185,890 square foot multi-tenant shopping center commonly known as the Iron Horse Shopping Center, as more particularly described in Exhibit A to the PSA.

9. Incorporated by reference into the PSA as Exhibit D is a Tenants-in-Common Agreement (the "**TIC Agreement**"). The TIC Agreement governs the relationship between Plaintiff and SCGIF. A copy of the TIC Agreement is attached hereto as **Exhibit B**.[2]

---

[1] HONSE IRON HORSE, LLC 000001 through HONSE IRON HORSE, LLC 000021.

[2] HONSE IRON HORSE, LLC 000022 through HONSE IRON HORSE, LLC 000045.

PLAINTIFF'S ORIGINAL COMPLAINT                 2

10. Section 1.3(a) of the TIC Agreement requires that certain "Material Decisions" require unanimous approval of all tenants-in-common. Relevant to this matter is the following such Material Decision:

> (iv) Entering into, modifying, extending, renewing or canceling any agreement pertaining to any indebtedness to be secured in whole or in part by any mortgage (including the Mortgage), deed of trust, pledge, lien or other encumbrance upon the Property.

11. Subsection (b) of Section 1.3 lays out clear requirements where a tenant-in-common seeks to pursue a "Material Decision," as follows:

> (b) Whenever an action by the Tenants-in-Common is proposed by a Tenant-in-Common, the proposing Tenant-in-Common shall send to the other Tenant-in-Common written notice (the "Decision Notice") setting forth the particulars of the proposed action (the "Proposed Action"). The responding Tenant-in-Common shall have a period of time (the "Approval Period") ending on the date that is three (3) Business Days (with "Business Day" meaning for purposes of this Agreement any day other than a Saturday, Sunday or legal holiday in the State of Nevada) after the date the Decision Notice is given in which to give the proposing Tenant-in-Common written notice of its approval or disapproval of the Proposed Action described therein. If the proposing Tenant-in-Common does not receive written notice from the responding Tenant-in-Common of its disapproval of such Proposed Action within the Approval Period, the responding Tenant-in-Common shall be deemed to have approved such Proposed Action. If the proposing Tenant-In-Common requests approval of any Material Decision and such decision does not receive unanimous approval within the Approval Period, the proposing Tenant-in-Common may, but shall not be required to, invoke the Approving Tenant-in-Common Purchase Right process as set forth at Section 5. 7.

12. Upon information and belief, Shopoff – without the knowledge or consent required under the TIC Agreement – caused SCGIF to incur indebtedness in excess of $3 million (the "**Loan**"), thereby purportedly obligating Plaintiff for a proportionate share of such indebtedness. Indeed, in recent communications, Shopoff has indicated that the Loan will be deducted from the sales proceeds from a sale of the Property as a deduction prior to a determination of the distribution to Plaintiff. As Plaintiff did not approve of the taking out of the Loan, such deduction is plainly improper.

13. Shopoff did not even attempt to satisfy the requirements of Section 1.3(b) of the TIC Agreement. Despite repeated demands for documentation supporting Defendant's compliance with Section 1.3(b), Shopoff has failed to provide any such documentation.

14. The TIC Agreement goes on, in Section 1.4, to make clear that no tenant-in-common has the authority to act as agent on behalf of another tenant-in-common:

> 1.4. <u>No Agency</u>.  Except solely as provided in this Agreement with respect to powers of attorney being granted to the Tenants-in-Common to facilitate certain provisions of this Agreement, no Tenant-in-Common is authorized to act as agent for, to act on behalf of or to do any act that will bind the other Tenant-in-Common, or to incur any obligations with respect to the Property.  No Tenant-in-Common shall be liable in its capacity as a Tenant-in-Common for the debts or obligations incurred by the other Tenant-in-Common with respect to the Property.

## IV. INVOCATION OF DISCOVERY RULE

15. To the extent relevant or necessary, Plaintiff invokes the discovery rule in this matter, having only discovered the acts and omissions giving rise to the causes of action in this Complaint only recently.

16. Plaintiff asserts that it exercised reasonable diligence in the discovery of the causes of action described and that the Defendant's illegal acts were inherently undiscoverable.

17. In the alternative, Plaintiffs invoke the fraudulent concealment doctrine.

## V. CAUSES OF ACTION

### Claim 1:  Breach of Contract

18. Plaintiff repeats and realleges all prior paragraphs hereinabove and incorporates them hereby by reference for all purposes as if set forth in full.

19. Plaintiff has a valid, enforceable, contract with Defendant – i.e., the TIC Agreement – which Defendant Shopoff breached by unilaterally making a "Material Decision" without complying with the requirements of the TIC Agreement with regard to such decisions.

20. Plaintiff has incurred damages as a result of such breach.

### Claim #2:  Breach of Fiduciary Duty

21. Plaintiff repeats and realleges all prior paragraphs hereinabove and incorporates them hereby by reference for all purposes as if set forth in full.

22. Shopoff is the majority shareholder of SCGIF.  In that capacity, Shopoff assumed certain roles with respect to the Property that created a fiduciary relationship between him and Plaintiff.

23. Shopoff breached his fiduciary duty owed to Plaintiff by incurring indebtedness on behalf of SCGIF without consulting with Plaintiff as required by the TIC Agreement.

24. Shopoff's breach of his fiduciary duty to Plaintiff resulted in injury to the Plaintiff in that Plaintiff is now expected to pay a portion of a loan that he did not authorize as required by the TIC Agreement.

**Claim 3:  Fraud/Fraudulent Inducement**

25. Plaintiff repeats and realleges all prior paragraphs hereinabove and incorporates them hereby by reference for all purposes as if set forth in full.

26. Defendant Shopoff made representations on behalf of himself and SCGIF to Plaintiff regarding the Property that were false.  Namely, he represented to Plaintiff that he would consult with Plaintiff before engaging in certain decisions that would materially affect Plaintiff.  Shopoff had no intention of and made no effort to comply with his representation – demonstrated by the fact that he never even attempted to comply with his obligation to seek authority from Plaintiff to take out a multi-million-dollar loan.

27. This representation was relied upon by Plaintiff to his detriment.

28. As a result of such reliance, Plaintiff was substantially damaged.

**Claim 4:  Declaration Judgment Sought**

29. Plaintiff repeats and realleges all prior paragraphs hereinabove and incorporates them hereby by reference for all purposes as if set forth in full.

30. There is a justiciable controversy concerning the relationship between Plaintiff and Defendant.

31. Pursuant to the Federal Declaratory Judgment Act, Plaintiff requests that the Court make the following declarations:

   (1) That Defendants did not comply with the provisions of the TIC Agreement regarding notice of Material Decisions as it relates to the $3 million plus loan;

   (2) That, as a result of Defendants' failure to comply with the provisions of the TIC Agreement, Plaintiff is not liable for the Loan or any portion thereof taken out by Defendants without Plaintiff's approval.

32. Plaintiff is entitled to attorneys' fees under governing law.

## VI. CONDITIONS PRECEDENT

33. All conditions precedent to the relief requested herein in this pleading by Plaintiff against Defendants have occurred or have been performed or waived.

## VII. REQUEST FOR RELIEF

34. For the reasons and evidence set forth in this Complaint, Plaintiff respectfully requests that summons be issued to Defendants, and that upon final hearing, the Plaintiff have judgment of the court as follows:

(1) That Plaintiff recover damages for Defendant's breach of contract, including attorney's fees;

(2) That Plaintiff recover damages for Defendant William Shopoff's breach of his fiduciary duty;

(3) That Plaintiff recover damages from Defendants for fraud as described herein; and

(4) That Plaintiff recover all costs, including attorney's fees, together with such other and further relief to which the Plaintiff is justly entitled.

**SIGNED this 18th day of April, 2023.**

Respectfully submitted,

LAW OFFICE OF STEVEN P. BRAZELTON

/s/Steven P. Brazelton
STEVEN P. BRAZELTON

Attorney for Plaintiff
HONSE IRON HORSE, LLC